UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEAN KESKENY,

                Plaintiff,                    Case No. 16-cv-11362

v.                                                    Honorable Thomas L. Ludington

UNITED OF OMAHA LIFE INSURANCE
COMPANY,

                Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR DECLARATORY JUDGMENT,
AND DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT**

On April 14, 2016 Plaintiff Jean Keskeny initiated the above-captioned matter against Defendant United of Omaha Life Insurance Company pursuant to the civil enforcement provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 11322(a). Plaintiff alleges that Defendant wrongfully denied her long term disability benefits. *See* Compl., ECF No. 1. The matter was referred to Magistrate Judge Patricia T. Morris for pretrial management. *See* ECF No. 6. On September 23, 2016 Plaintiff and Defendant each filed a motion for declaratory judgment on the administrative record. *See* ECF Nos. 10, 11. On February 24, 2017 the magistrate judge issued her report, recommending that Defendant's motion be granted and Plaintiff's motion be denied. *See* ECF No. 18. Plaintiff filed objections on March 8, 2017. *See* ECF No. 19. For the reasons stated below, Plaintiff's objections will be overruled and the report and recommendation will be adopted.

**I.**

Plaintiff Keskeny is a licensed Practical Nurse, and was employed as a Charge Nurse by MediLodge beginning on January 5, 2009. At the time of the relevant events, MediLodge sponsored a Group Disability Plan (the "Plan"), which was issued and administered by Defendant United of Omaha Life Insurance Company. Under the Plan, Defendant agreed to pay certain short-term disability benefits ("STD benefits") and long-term disability benefits ("LTD benefits") to covered, eligible persons who established a qualifying disability. For the purpose of LTD benefits, the Plan defined disability as follows:

> Disability and Disabled means that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which You are:
> 
> - prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
> - unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.
>
> After a Monthly Benefit has been paid for 24 months, Disability and Disabled mean You are unable to perform all of the Material Duties of any Gainful Occupation.
>
> Disability is determined relative to Your ability to work. It is not determined by the availability of a suitable position with Your employer.

*See* Tr. 000013, ECF No. 9-1.

Plaintiff ceased working on February 4, 2013. In March of 2013, Plaintiff filed a claim with Defendant for STD benefits, claiming that the nature of her illness was "head & neck pain." *See* Tr. 001111. The request was supported by documentation from Plaintiff's treating neurologist, Doctor Steven Beall, who found that Plaintiff's activities were limited by an inability to bend, squat, stoop, or lift or carry any weight. Tr. 001115-16. Dr. Beall concluded that Plaintiff "should not work til condition healed." *Id.* Defendant approved Plaintiff's request

for STD benefits beginning on February 11, 2013. Tr. 001013-14. Defendant ultimately extended Plaintiff's STD benefits through August 11, 2013, at which time Plaintiff's STD benefits under the Plan were exhausted. Tr. 000957-58.

After exhausting her STD benefits, Plaintiff sought and obtained LTD benefits from Defendant commencing on August 12, 2013. Tr. 000863-68. In approving the LTD benefits, Defendant relied upon Plaintiff's STD claim, as well as on medical records obtained from North Ridge Family Practice, Doctor Steven Beall, and Nurse Practitioner Beth Weaver. Plaintiff proceeded to collect LTD benefits for 24 months. Therefore, to continue receiving monthly benefits under Defendant's Plan after August 11, 2015, Plaintiff was required to demonstrate that she was "unable to perform all of the Material Duties of *any* Gainful Occupation." Tr. 000013 (emphasis added).

By a letter dated June 25, 2015, Defendant informed Plaintiff that her request for LTD benefits beyond August 11, 2015 was denied. Tr. 00483-91. The denial was based upon Defendant's finding that Plaintiff was able to perform the material duties of gainful occupations requiring only light or sedentary work, such as a manicurist, phlebotomist, hospital-admitting clerk, and appointment clerk. Tr. 000488. Defendant rejected Dr. Beall's suggestion that Plaintiff's medical records demonstrated that multiple sclerosis prevented her from performing such work, noting that "[t]he examinations that we received from Dr. Beall's office include checklists without comprehensive examinations, impressions or plans." *See* Tr. 000487. Defendant further noted that recent medical imaging of her cervical and lumbar spine "showed degenerative changes without significant stenosis, disc herniation or cord compromise," and that "examinations did not show any significant strength, sensation, motion or coordination abnormalities." Tr. 000487. Defendant also observed that Plaintiff had continued to consume

alcohol and smoke cigarettes on a daily basis in contravention of medical advice. Tr. 000485-87. Finally, Defendant found that Plaintiff had not established that her other chronic conditions of obesity, hypertension, GERD, anxiety, COPD/asthma, sleep apnea, gastritis and hair loss caused significant physical functional impairment.

Plaintiff appealed. In conducting its review of the appeal, in January of 2016 Defendant retained neurologist Robert L. Marks, M.D., to conduct a medical record review. After reviewing all of the relevant records, Dr. Marks concluded that, "although it is very possible that demyelinating disease such as MS is a correct diagnosis, it cannot be considered an absolutely definitive diagnosis. Time will eventually provide verification." *See* Tr. 000079. Dr. Marks also noted that he "could not find substantiation that the claimant was unable to arise from a chair to stand and walk, although an assistive device may be necessary. Basic functional use of the upper extremities, possibly with some weakness, appeared to be present." *See* Tr. 000080. While agreeing that "restrictions and limitations are appropriate in this case," Dr. Marks warned that "caution is needed to avoid relying too much on purely subjective symptoms." *Id*. On February 26, 2016 Defendant sent Plaintiff a letter upholding the denial decision, largely relying on Dr. Marks' opinion. *See* Tr. 00067-72. Plaintiff responded by filing the present suit. *See* Compl. ECF No. 1.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review

requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Through her objections, Plaintiff argues that Defendant should have required Plaintiff to undergo an independent medical examination, that Defendant (and the magistrate judge) did not give sufficient deference to the opinion and comments of Dr. Beall – a treating source – and overly relied upon the opinion of Dr. Marks – a non-treating source –, and that Defendant (and the magistrate judge) improperly found Plaintiff lacking in credibility. These objections are without merit for the reasons discussed by the magistrate judge in her report. The objections also ignore the fact that Plaintiff bore the ultimate burden of establishing a disability within the meaning of Defendant's Plan.

While Defendant was not entitled to "arbitrarily disregard reliable medical evidence proffered by a claimant, including the opinions of a treating physician," Defendant "was not obligated to blindly accept the treating physicians' opinions either." *Cooper v. Life Ins. Co. of N. Am.*, 486 F.3d 157, 167 (6th Cir. 2007). "Requiring a claimant to provide objective medical evidence of disability is not irrational or unreasonable." *Id*. In the present case, Defendant largely relied upon Dr. Beall's medical opinions in initially finding Plaintiff disabled and approving her STD benefits and LTD benefits under the Plan. However, Dr. Beall's June of 2015 statement that Plaintiff was "weaker than 4 [year] old girl" and his assignment of a 6.5 Kurtzke score "by history" are conclusory findings unsubstantiated by objective record evidence. Defendant gave good reason for discounting such unsupported opinions in determining the extent

of Plaintiff's functional limitations. Plaintiff has not identified any Sixth Circuit precedent or any Plan language requiring Defendant to conduct an independent medical examination instead of a file review here, where Plaintiff's self-reported symptoms could have been verified by objective medical data. *C.f. Okuno v. Reliance Standard Life Ins. Co.*, 836 F.3d 600, 610 (6th Cir. 2016*)* (holding that file reviews may be insufficient where a plaintiff's claimed disability necessarily involves subjective symptoms, such as in the case of mental illness). Plaintiff's objections will therefore be overruled, and the report and recommendation adopted.

### III.

Accordingly, it is **ORDERED** that Plaintiffs' objections, ECF No. 19, are **OVERRULED.**

It is further **ORDERED** that the report and recommendation, ECF No. 18, is **ADOPTED**.

It is further **ORDERED** that the Defendant's motion for declaratory judgment, ECF No. 11, is **GRANTED**.

It is further **ORDERED** that Plaintiff's motion for declaratory judgment, ECF No. 10, is **DENIED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: April 20, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 20, 2017.

s/Michael A. Sian<br>
MICHAEL A. SIAN, Case Manager